UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

STEPHEN WOODS,                )
                              )
            Petitioner,       )
                              )
      v.                      )    No. 4:05CV62 FRB
                              )
TROY STEELE,[1]               )
                              )
            Respondent.       )

# MEMORANDUM AND ORDER

This cause is before the Court on Missouri state prisoner Stephen Woods' pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

On July 7, 2000, a jury in the Circuit Court of the City of St. Louis, Missouri, found petitioner guilty of Murder First Degree and Armed Criminal Action. On November 2, 2000, petitioner was sentenced as a prior offender to two concurrent terms of life imprisonment. On May 21, 2002, the Missouri Court of Appeals affirmed petitioner's conviction and sentence. Petitioner sought no other direct review in state court. On September 25, 2002, petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied without an

---

[1]Petitioner is currently incarcerated at Southeast Correctional Center (SECC) in Charleston, Missouri. Inasmuch as Troy Steele is Superintendent of SECC, he is substituted for Don Roper as proper party respondent. Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

evidentiary hearing. The Missouri Court of Appeals affirmed the denial of post-conviction relief on October 28, 2003, and mandate issued January 21, 2004. The instant petition for writ of habeas corpus, signed by petitioner and notarized on January 4, 2005, was filed with the Court on January 18, 2005, upon its receipt.[2]

In the instant petition, petitioner raises various claims for relief. In response, respondent contends that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1) inasmuch as direct review of petitioner's conviction and sentence concluded more than one year prior to the filing of the instant petition. For the following reasons, respondent's argument is well taken.

Pursuant to 28 U.S.C. § 2244(d)(1)(A), a person in custody pursuant to the judgment of a state court has one year from the date upon which such judgment became final within which to submit an application for writ of habeas corpus in federal court under 28 U.S.C. § 2254. For purposes of the statute, the state judgment is final upon "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Judgment becomes final, and thus the one-year statute of limitations is triggered, by either:

> (I) the conclusion of all direct criminal appeals in the state system, followed by

---

[2]Applying the prison mailbox rule, Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999), and giving petitioner the benefit of the doubt, Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002), the undersigned determines the instant petition to have been filed on January 4, 2005, the date the petition was signed and notarized.

> either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998).

Because petitioner did not file a petition for writ of certiorari in this cause, his state court judgment became final upon the expiration of his time to file such a petition. Id.; see also Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999) (en banc). Under United States Supreme Court Rule 13, a petitioner has ninety days from the entry of the judgment sought to be reviewed within which to petition the Supreme Court for a writ of certiorari. In Nichols, the Eighth Circuit determined that a petitioner who failed to seek discretionary review by the state court of last resort, such as the petitioner here, has ninety days after his conviction was affirmed on direct appeal to seek certiorari. Nichols, 172 F.3d at 1072; see State v. Nichols, 915 S.W.2d 795 (Mo. Ct. App. 1996) (per curiam) (no filing of post-opinion applications for discretionary review). As such, upon consideration of Smith and Supreme Court Rule 13, the Eighth Circuit stated "with certainty" that such a petitioner's "judgment [becomes] final within the meaning of § 2244(d)(1)(A) *no earlier* than . . . exactly 90 days after his conviction was affirmed on direct appeal." Nichols, 172 F.3d at 1072 (emphasis added). In this cause, petitioner's

conviction was affirmed on direct appeal on May 21, 2002. Inasmuch as petitioner did not file a petition for writ of certiorari, his state court judgment became final on August 19, 2002, ninety days after his conviction was affirmed on direct appeal. <u>Nichols</u>, 172 F.3d at 1072; <u>Smith</u>, 159 F.3d at 348. As such, the one-year period within which petitioner had to file a petition for writ of habeas corpus under 28 U.S.C. § 2254 commenced August 19, 2002.

Under 28 U.S.C. § 2244(d)(2), the one-year limitation period for filing a federal habeas petition is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." <u>Williams v. Bruton</u>, 299 F.3d 981, 982 (8th Cir. 2002). The pendency of post-conviction review includes the time between the trial court's denial of post-conviction relief and the filing of an appeal from the denial, <u>Beery v. Ault</u>, 312 F.3d 948, 950 (8th Cir. 2002); and the time during the appeal process up through and including the date upon which the court of appeals issues its mandate. <u>Payne v. Kemna</u>, 441 F.3d 570, 572 (8th Cir. 2006). The ninety days within which to file a petition for writ of certiorari to the United States Supreme Court after the denial of post-conviction relief is not tolled. <u>Lawrence v. Florida</u>, ___ U.S. ___, 127 S. Ct. 1079 (2007); <u>Jihad v. Hvass</u>, 267 F.3d 803, 805 (8th Cir. 2001).

In this cause, petitioner filed his motion for post-conviction relief on September 25, 2002, the denial of which was affirmed by the Missouri Court of Appeals on October 28, 2003.

Mandate issued on January 21, 2004.  As such, the limitations period was tolled from September 25, 2002, when petitioner filed his motion for post-conviction relief, through January 21, 2004, the date upon which the Missouri Court of Appeals issued its mandate on petitioner's appeal thereof.  Petitioner filed the instant petition for writ of habeas corpus on January 4, 2005,[3] 349 days after the conclusion of appellate review of his post-conviction motion.

The time between the date that direct review of a conviction is completed and the date that an application for state collateral relief is filed counts against the one-year limitations period.  Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001).  As such, the time between August 19, 2002 (the date petitioner's conviction became final), and September 25, 2002 (the date petitioner filed his post-conviction motion), is not tolled and must be included in the period within which petitioner could file a federal habeas petition.  Therefore, this thirty-seven day period counts against the one-year limitations period.  Totaling this period with the 349-day period which elapsed subsequent to the conclusion of post-conviction appellate review, the sum of 386 days had elapsed prior to the filing of the instant habeas corpus petition. Accordingly, the petition is untimely filed under the provisions of § 2241(d)(1)(A).

Finally, petitioner's contention that counsel advised him

---

[3] See supra n.2.

that he had one year from January 24, 2004, within which to file a federal habeas petition fails to demonstrate that "extraordinary circumstances" made it impossible for him to timely file the instant petition. As such, equitable tolling is not justified in this cause. See Beery, 312 F.3d at 951; Gray v. Gammon, 283 F.3d 917, 918 (8th Cir. 2000) (per curiam); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (counsel's confusion about the applicable statute of limitations does not warrant equitable tolling).

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that petitioner Stephen Woods' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) is dismissed without further proceedings for the reason that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue in this cause inasmuch as petitioner has failed to make a substantial showing that he has been denied a constitutional right.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this _9th_ day of October, 2007.